UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENVIRONMENTAL DEFENSE CENTER; et al.,

Petitioners,

v.

PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION,

Respondent,

---------------------------------------

SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY,

Intervenors.

No. 25-8059

Agency No. 2025-1502
Department of Transportation, National Transportation Safety Board

ORDER

STATE OF CALIFORNIA,

Petitioner,

v.

PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION; et al.,

Respondents,

---------------------------------------

No. 26-508
Agency No. 2025-1502
Department of Transportation, National Transportation Safety Board

| | |
|---|---|
| PACIFIC PIPELINE COMPANY and SABLE OFFSHORE CORP.,<br><br>Intervenors. | |
| STATE OF CALIFORNIA,<br><br>Petitioner,<br><br>v.<br><br>PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION; et al.,<br><br>Respondents. | No. 26-4629<br><br>Agency No. 2026-0464<br>Department of Transportation, National Transportation Safety Board |

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Petition No. 26-4629, *State of California v. Pipeline & Hazardous Materials Safety Administration, et al.*, is hereby consolidated with the above-captioned matter.

The court has reviewed federal respondents' motion to dismiss (Dkt. No. 127). We find that the challenge to the emergency special permit has been mooted by the agency's June 25, 2026, issuance of a new special permit and a new supporting jurisdictional determination. The motion is therefore GRANTED IN PART as to the emergency special permit. We reserve ruling on the reviewability of the restart approval and the jurisdictional determination.

The court will decide the merits of the new petition for review, including the issue of the agency's exclusive jurisdiction, in due course. The parties are invited to submit an optional position statement of no more than 1,000 words regarding 1) whether additional briefing is necessary on the merits of the new petition, particularly as to issues other than the agency's exclusive jurisdiction; 2) whether there are new facts or record materials which underlie the agency's June 25, 2026, jurisdictional determination or that are otherwise necessary to the court's review of the new petition; and 3) whether it would be necessary for the court to resolve any non-jurisdictional challenges in the event that it rules for petitioners on the issue of the agency's exclusive jurisdiction under the Pipeline Safety Act. Statements by Petitioners are due ten days from the filing of this Order. Statements by Respondents and Intervenors are due fourteen days from the filing of this Order.

**IT IS SO ORDERED.**