No. 26-4629

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STATE OF CALIFORNIA

*Petitioner*,

v.

PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, PAUL ROBERTI, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION, UNITED STATES DEPARTMENT OF TRANSPORTATION, AND SEAN DUFFY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF TRANSPORTATION

*Respondent*.

# PETITIONER'S OPTIONAL POSITION STATEMENT

ROB BONTA
*Attorney General of California*
ANNADEL A. ALMENDRAS
DEBORAH M. SMITH
*Senior Assistant Attorneys General*
MYUNG J. PARK
VANESSA C. MORRISON
*Supervising Deputy Attorneys General*

MATTHEW BULLOCK
MICHAEL S. DORSI
MITCHELL RISHE
RAFAEL J. HURTADO
REBECCA HUNTER
*Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3802
Fax: (415) 703-1107
Michael.Dorsi@doj.ca.gov
Mitchell.Rishe@doj.ca.gov
*Attorneys for Petitioner*

August 21, 2026

## INTRODUCTION

California hereby respectfully submits its answers to the three questions in this Court's August 11, 2026, order regarding the new petition, Case No. 26-4629. First, California believes that it needs to first review the new administrative record, which has yet to be produced, in order to determine whether other issues need to be raised besides the jurisdictional issue. The record is due on August 31, 2026.[1] California also notes that the environmental petitioners filed a notice of intent to sue under the Endangered Species Act and may file a new petition for review when the notice period has expired. Second, the new records may contain material that both the parties and the Court will need to address. Third, California believes that no additional issues need to be decided should the Court side with California on the jurisdictional issue that the pipelines are intrastate.

## RESPONSE TO THE COURT'S QUESTIONS

### I. ADDITIONAL BRIEFING ON THE MERITS OF THE NEW PETITION MAY BE NECESSARY, INCLUDING AS TO ISSUES OTHER THAN THE AGENCY'S EXCLUSIVE JURISDICTION

Additional briefing may be necessary, although California cannot answer until it reviews the new record. California expects the new record will contain additional documents that were not part of the record in the initial cases, necessitating additional briefing. For example, PHMSA's December 2025 orders that EDC and California challenged in Case Nos. 25-8059 and 26-508 were based on a record that did not include public comments because PHMSA did not accept

---

[1] California filed its Petition for Review on July 21, 2026. As a result, PHMSA's record is to be completed and filed within 40 days of that date, *i.e.*, August 31, 2026. Fed. R. App. P. 17(a). The 40th day is Sunday, August 30, 2026. Therefore, the deadline is extended to Monday, August 31, 2026 by operation of Fed. R. App. P. 26(a)(1)(C).

comments prior to issuing those orders. But in April 2026, PHMSA accepted comments on respondent-intervenor Sable Offshore Corp.'s ("Sable") application for a special permit. *See* Pipeline Safety: Request for Special Permit; Sable Offshore Corp. (Sable), 91 Fed. Reg. 8949 (Feb. 24, 2026); Pipeline Safety: Request for Special Permit; Sable Offshore Corp. (Sable), 91 Fed. Reg. 13,698 (Mar. 20, 2026). The parties did not have an opportunity, in their previous briefing, to address challenges based on these later comments, such as any challenges based on PHMSA's failure to consider relevant comments or any arbitrary or capricious aspect of PHMSA's response to them.

In addition, California understands that EDC gave a required 60-day notice under the Endangered Species Act. EDC Supp. Br. 15 n.1. If, after the expiration of the 60-day period, EDC files its own Petition for Review, that case should be consolidated with California's case (similar to *PHMSA I*). In that instance, the ESA claim may be another issue, separate and apart from PHMSA's claim of exclusive jurisdiction, for this Court to resolve.

## II. THE RECORD IS LIKELY TO INCLUDE NEW MATERIAL THAT COULD BE PERTINENT TO THE COURT'S REVIEW

California cannot definitively answer whether there are new facts or materials that will be pertinent to this Court's review until PHMSA certifies the record, which is currently due August 31, 2026. However, during an informal meet and confer, PHMSA stated:

> [T]he AR will include, among other documents, "a purchase agreement for selling product at the Pentland terminal, new diagrams of the Las Flores Canyon facility and Pentland terminal, and manuals discussing the processes at the Las Flores Canyon facility and Pentland terminal." We expect the certified AR will include other new documents as well . . .

Email from Matthew Oakes, US DOJ, to Matthew Bullock, Cal. AGO, dated 8/12/2026. Based on PHMSA's representations, it is therefore likely that the parties will address new record material.

## III. IF THE COURT AGREES WITH PETITIONERS THAT PHMSA DOES NOT HAVE EXCLUSIVE JURISDICTION UNDER THE PIPELINE SAFETY ACT, THEN THE COURT NEED NOT CONSIDER OTHER ISSUES

California agrees that should the Court find that PHMSA does not have exclusive jurisdiction under the Pipeline Safety Act, then the Court need not consider other issues. If PHMSA has no jurisdiction, the correct remedy is to vacate PHMSA's orders asserting or relying on that jurisdiction.

California notes here that because the validity of the Consent Decree issue was raised in *PHMSA I*, the Court should be apprised of a recent development related to that issue in the federal district court. On August 19, 2026, the Hon. Stephen V. Wilson of the United States District Court for the Central District of California issued an order[2] in *United States, et al. v. Plains All American Pipeline, L.P., et al.* pertaining to the Consent Decree and the Restart Approval. The district court found, in part, that Sable violated the Consent Decree by failing to request modification of the Consent Decree prior to restarting Lines CA-324/325 and imposed a penalty of $1,449,000 on Sable for the violation. The District Court also modified the Consent Decree to designate PHMSA as the pipeline safety regulator, but compelled PMHSA to impose the pipeline safety standards of California state law, including the California Elder Pipeline Safety Act, on Sable's operation of CA-324/325. District Court Order at pp. 20-27. California is currently assessing the impact of the District Court Order including a motion for reconsideration.

---

[2] *United States, et al. v. Plains All-American Pipeline, et al.*, Case No. 2:20-cv-02415-SVW-SSC (C.D. Cal. Aug. 19, 2026) ECF 86.

California's assessment of the District Court case may be more fully formed by the time PHMSA serves the new record in this case.

## CONCLUSION

In light of the need to review the new administrative record in this case and the environmental organizations' notice of intent to sue under the Endangered Species Act and the potential consolidation of their petition for review with this one, California requests the opportunity to supplement this statement after it has had an opportunity to review the new administrative record. Until that time, the Court should maintain a normal briefing schedule in the newly-filed case, no. 26-4629.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Michael Dorsi*

MICHAEL DORSI
*Deputy Attorney General*
ROB BONTA
*Attorney General of California*
ANNADEL A. ALMENDRAS
*Senior Assistant Attorney General*
DEBORAH M. SMITH
*Acting Senior Assistant Attorney General*
MYUNG J. PARK
VANESSA C. MORRISON
*Supervising Deputy Attorneys General*
MATTHEW BULLOCK
MITCHELL RISHE
RAFAEL J. HURTADO
REBECCA HUNTER
*Deputy Attorneys General*

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s)** 25-8059, 26-508

I am the attorney or self-represented party.

**This brief contains 998 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated August 11, 2026.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Michael S. Dorsi* **Date** August 21, 2026

SA2026300092