No. 25-8059, consolidated with No. 26-508

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ENVIRONMENTAL DEFENSE CENTER, et al.,
*Petitioners*,

v.

PIPELINE & HAZARDOUS MATERIALS SAFETY ADMINISTRATION, et al.,
*Respondents*.

On Petition for Review of Actions by the Pipeline & Hazardous Materials Safety Administration

# FEDERAL RESPONDENTS' POSITION STATEMENT PURSUANT TO AUGUST 11, 2026 ORDER


Of Counsel:

GREGORY ZERZAN
*General Counsel*
U.S. Dept. of Transportation

KEITH COYLE
*Chief Counsel*
BENJAMIN FRED
*Assistant Chief Counsel*
TIMOTHY O'SHEA
KATHLEEN MAITLAND
*Attorneys*
Pipeline and Hazardous Materials Safety Administration

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
REBECCA JAFFE
MATTHEW R. OAKES
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
matthew.oakes@usdoj.gov

The United States provides the following response to the Court's August 11, 2026, Order. Dkt. 145.1. As an initial matter, we recount the procedural history and note recent relevant developments.

Petitioners originally challenged three actions of the Pipeline and Hazardous Materials Safety Administration's (PHMSA): (1) PHMSA's December 2025 jurisdictional determination that the onshore portion of the Santa Ynez Pipeline System is an interstate pipeline under the Pipeline Safety Act, such that PHMSA regulates the pipeline, (2) a December 2025 approval of an emergency special permit under the Pipeline Safety Act, and (3) a December 2025 pipeline restart plan under the terms of a 2020 consent decree entered by Judge Wilson in the Central District of California.

The emergency special permit expired in February of 2026. On May 11, 2026, this Court dismissed as moot Petitioners' challenges to the emergency special permit. Dkt. 145.1.

On June 25, 2026, PHMSA issued a new jurisdictional determination and a non-emergency permit and California filed a new petition challenging both. *California v. PHMSA*, No. 26-4629, Dkt. 1.1.

In prior briefing, Petitioners relied on the 2020 consent decree to argue that California, rather than PHMSA, has regulatory authority over the onshore pipeline segments. Cal. Br. 39-43, Dkt. 23.1; Envt. Br. 26-27. The consent decree

originally provided that the California fire marshal would exercise regulatory authority over onshore segments of the Santa Ynez pipeline.

On August 19, 2026, the Central District of California modified the consent decree's terms and transferred regulatory authority over the onshore pipeline segments from California to PHMSA based on the presidentially declared national energy emergency and a Defense Production Act order directing Sable to restart the pipeline. Order Granting Motion to Modify Consent Decree, *U.S. v. Plains*, No. 2:26-cv-03396 slip op. at 15 (C.D. Cal., Aug. 19, 2026) (Ex. A). As part of the modification, the district court also "incorporat[ed] the substantive, post-restart requirements" from a waiver previously issued by California into the consent decree itself. *Id.* at 21. The district court noted that any challenges involving "any pre-restart requirements," like the restart plan approval that Environmental Petitioners challenge here, "are moot." *Id.* at 20. California has appealed from aspects of that decision, Ninth Circuit No. 26-5409.

As to the Court's questions, the United States provides the following responses.

## I. Additional briefing is needed to respond to Petitioners' non-jurisdictional arguments.

Additional briefing will be necessary to respond to new non-jurisdictional arguments. California may raise challenges based on PHMSA's new administrative record. Cal. Statement 2. While Environmental Petitioners have

not filed a new petition for review yet, they say that they will do so and that they may raise new claims related to the Pipeline Safety Act, the Endangered Species Act, and the National Environmental Policy Act. Envtl. Statement 2. The United States will need to respond to new arguments raised by Petitioners.

## II. The administrative record contains materials relevant to this Court's review of the parties' jurisdictional arguments.

The administrative record for PHMSA's June 25, 2026, non-emergency special permit and jurisdictional determination includes materials necessary to this Court's review of the jurisdictional issue. New record documents describe the equipment and Sable's activities at (1) the offshore production platforms; (2) the Las Flores Canyon Facility; and (3) the Pentland Station terminal. The documents include piping and instrumentation diagrams, design and operation manuals, a current purchase agreement between Sable and a customer for the crude oil transported through the pipeline system, and PHMSA's expert analysis about functions performed at the Las Flores Canyon facility.

As we explain in our supplemental brief, Dkt. 137.1, the key issue in this case is whether the onshore pipeline segments within the Santa Ynez Pipeline System are used to transport crude oil "in interstate commerce" under the Pipeline Safety Act. 49 U.S.C. § 60101(a)(7). The purchase agreement demonstrates Sable's intent to transport crude oil from the production facilities located on the outer continental shelf through the Las Flores Canyon Facility and onshore

pipeline segments to Pentland Station, establishing that the onshore pipeline segments are transporting oil in interstate commerce. Accordingly, PHMSA properly regulates those segments.

The new record information describing the equipment and processing at the Las Flores Canyon facility supports the United States' argument that functions at that facility are integral to the interstate transportation of crude oil. As discussed in the United States brief, an "interstate hazardous liquid pipeline facility" is "a hazardous liquid pipeline facility used to transport hazardous liquid in interstate or foreign commerce." U.S. Answering Br. 6, 29, Dkt. 78.1.

Additional briefing is necessary to address the new record materials, which are relevant to the jurisdictional issue.

## III. No non-jurisdictional challenges currently remain.

As to petitioners' non-jurisdictional challenges in this case, the Court has already resolved those or the district court's ruling resolves them; no non-jurisdictional challenges remain. Only the jurisdictional issue remains to be resolved in this case. The United States is not aware of what additional non-jurisdictional challenges Petitioners may raise in new petitions and cannot speak to those challenges here.

This Court has dismissed as moot Petitioners' non-jurisdictional challenges to the emergency special permit. Dkt. 145.1. Thus, the only non-jurisdictional

challenges that this Court has not resolved are based on the restart plan—a NEPA challenge, Envtl. Br. 66-70, Dkt. 57.1, and California's challenge to the restart plan based on the claim that it violates the Consent Decree, Cal. Br. 54-57, No. 26-508, Dkt. 23.1. The district court's August 19th Order resolves both arguments. *See* Slip. Op. 20.

As the United States argued in its answering brief, because PHMSA issued the restart plan to satisfy the terms of the Consent Decree, rather than under any provision of the Pipeline Safety Act, any challenges to the restart plan are properly before the district court. U.S. Answering Br. 57, Dkt. 78.1. Further, the district court has now ruled that any challenge to the restart plan is moot. *See* Slip. Op. 20. The district court's ruling is dispositive of Petitioners' restart plan challenges.

Respectfully submitted,

/s/ *Matthew R. Oakes*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
REBECCA JAFFE
MATTHEW R. OAKES
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
matthew.oakes@usdoj.gov

Of Counsel:

GREGORY ZERZAN
*General Counsel*
U.S. Dept. of Transportation

KEITH COYLE
*Chief Counsel*
BENJAMIN FRED
*Assistant Chief Counsel*
TIMOTHY O'SHEA
KATHLEEN MAITLAND
*Attorneys*
Pipeline and Hazardous Materials Safety Administration

August 25, 2026
DJ# 90-13-1-18076

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of imposed by this Court because this document contains 988 words. This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

s/ *Matthew R. Oakes*
MATTHEW R. OAKES

Counsel for Appellants