**Nos. 25-8059, 26-508, 26-4629**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**ENVIRONMENTAL DEFENSE CENTER, et al.,**

*Petitioners,*

v.

**U.S. DEPARTMENT OF TRANSPORTATION, et al.,**

*Respondents,*

and

**SABLE OFFSHORE CORP., et al.,**

*Respondent-Intervenors.*

On Petition for Review of Actions Taken by the
Pipeline and Hazardous Materials Safety Administration

# RESPONDENT-INTERVENORS' POSITION STATEMENT

Nicholas McDaniel
Lucille E. Wiesner
BABST CALLAND CLEMENTS
AND ZOMNIR, P.C.
505 9th St., NW, Suite 602
Washington, DC 20004
(202) 853-3455

Jessica Stebbins Bina
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5525
jessica.stebbinsbina@lw.com

James W. Noe
Rafe Petersen
Ashley Akers
HOLLAND & KNIGHT LLP
800 17th St., NW, Suite 1100
Washington, DC 20006
(202) 469-5525

*Attorneys for Respondent-Intervenors*
*Sable Offshore Corp. and Pacific Pipeline Company*

Pursuant to the Court's August 11, 2026 Order, Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company (together, "Sable") respectfully submit this position statement on the Court's three questions. In brief: (1) additional briefing is warranted; (2) new facts and record materials supporting the June 2026 jurisdictional determination are necessary to the Court's review; and (3) PHMSA's exclusive jurisdiction is a threshold question for the Special Permit challenge, while the Restart Plan Approval Letter is moot and unreviewable regardless of PHMSA's jurisdiction.

## I. Additional briefing is warranted.

On July 20, 2026, California challenged PHMSA's June 25, 2026 order granting a special permit ("Special Permit") and the accompanying Analysis and Findings, Jurisdictional Determination, and Finding of No Significant Impact ("Related Documents") to the extent they constitute separate PHMSA orders. Cal. Stmt. 2–3.[1]

The Special Permit and the accompanying Jurisdictional Determination supersede the Emergency Special Permit challenged originally here, and rest on a new administrative record that postdates the record now before the Court. As

[1] Sable does not concede that the Related Documents are separate orders under the Pipeline Safety Act and reserves all reviewability arguments.

described below, that new record bears directly on the challenged Jurisdictional Determination, and the parties should have the opportunity to brief it.

Prior briefing, directed at the Emergency Special Permit and earlier record, does not squarely address the new petition. For example, the National Environmental Policy Act arguments challenging the Emergency Special Permit do not apply to the Special Permit, which underwent environmental review. Further briefing is therefore appropriate.

Additional briefing may also be needed to address the impact of an August 19, 2026 decision in the Consent Decree case, discussed below, which further moots the Restart Plan approval claim. Briefing may also be warranted on the Special Permit's lawfulness, limited to issues raised here.[2]

## II. New facts and record materials support the Jurisdictional Determination.

PHMSA's June 2026 Jurisdictional Determination rests on new facts and record materials necessary to resolve California's new petition. The new record was developed for the non-emergency proceeding in response to specific public comments that questioned PHMSA's jurisdiction over the pipeline. It includes several categories of documents bearing on the jurisdictional question: whether the

[2] The Environmental Petitioners have not filed a Special Permit petition but may do so, and Sable agrees that any non-jurisdictional challenges under the Pipeline Safety Act or other federal environmental laws "would require additional briefing." Env. Pet. Stmt. 3–4. Until such a petition is filed, those issues are not before this Court.

Onshore Segments transport crude oil in interstate commerce from the Outer Continental Shelf through the Las Flores Canyon facility ("LFC") to Pentland Station.

First, the record will include new diagrams of LFC and manuals describing the processes at the facility, which speak to the facility's function and the continuity of transportation in commerce through that facility and onward to Pentland—a factual predicate for PHMSA's conclusion that processing at LFC does not interrupt the flow of interstate commerce along the pipeline. Second, the record will include a contract for the sale of Sable's OCS-produced crude, specifying delivery at Pentland, *see Reply in Support of Federal Respondents' Motion to Dismiss*, ECF No. 131.1, at 7, which confirms Sable's fixed intent to move the crude to a single delivery point.[3] Third, the record will include public comments addressing PHMSA's jurisdiction, as well as the separate Jurisdictional Determination which explains PHMSA's jurisdictional conclusion.

The Environmental Petitioners' contention that these materials are immaterial because the LFC facilities "have performed the same function for forty years" focuses on the wrong question. Env. Pet. Stmt. 4. Jurisdiction turns on the

[3] The existence of the purchase agreement is a new fact that postdates PHMSA's December 2025 actions and record.

commercial character and intended destination of the movement, and the new facts and materials postdate the earlier record. Because review is confined to the record PHMSA compiled, the Court cannot resolve the new petition on the superseded record the Environmental Petitioners invoke. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989). California, for its part, acknowledges the new record "is likely to include new material that could be pertinent to the Court's review." Cal. Stmt. 3.

## III. Jurisdiction is a threshold issue only for the Special Permit.

Sable acknowledges that should the Court rule for Petitioners on the issue of PHMSA's jurisdiction, the Court need not resolve any non-jurisdictional challenges to the Special Permit. The Restart Plan Approval Letter, however, stands on different footing and is not properly before this Court for at least two independent reasons.

First, as explained in Sable's and the United States' original briefing, the Restart Plan approval is solely a function of the Consent Decree and not a reviewable order under the Pipeline Safety Act.

Second, the Restart Plan approval has been mooted by a decision in the district court. On August 19, 2026, the district court modified the Consent Decree, substituting PHMSA for the Office of the State Fire Marshal as the regulatory authority, regardless of whether the pipeline is interstate or intrastate—an issue it did not decide. *United States v. Plains All-Am. Pipeline, L.P.*, No. 2:20-cv-02415-SVW-

SSC (C.D. Cal. Aug. 19, 2026), ECF No. 86, at 22, 44 ("Aug. 19 Order"). The district court also partially granted California's motion to enforce the Consent Decree, which alleged pipeline operation without Restart Plan approval by the State. The court has now authorized restart, and any pre-restart conditions are no longer operative. *See* Aug. 19 Order, at 27. A ruling adverse to PHMSA's jurisdiction would not disturb the Restart Plan approval.

Sable respectfully recommends the following approach. The Court should hold that the Santa Ynez Pipeline, including the Onshore Segments, is an interstate pipeline within PHMSA's exclusive authority because the Onshore Segments carry crude oil in interstate commerce between federal waters and Pentland, California. The Court should then reject any non-jurisdictional challenges by Petitioners, if raised, and uphold the Special Permit on its merits.

Dated: August 25, 2026

Respectfully submitted,

By: <u>*/s/ Nicholas McDaniel*</u>

Nicholas McDaniel
nmcdaniel@babstcalland.com
Lucille E. Wiesner
lwiesner@babstcalland.com
**BABST CALLAND CLEMENTS AND ZOMNIR, P.C.**

505 9th Street NW, Suite 602
Washington, DC 20004
Tel: (202) 853-3455

Jessica Stebbins Bina
jessica.stebbinsbina@lw.com
**LATHAM & WATKINS LLP** 10250
Constellation Blvd., Suite 1100 Los
Angeles, CA 90067
Tel: (424) 653-5525

James W. Noe
jim.noe@hklaw.com
Rafe Petersen
rafe.petersen@hklaw.com
Ashley Akers
ashley.akers@hklaw.com
**HOLLAND & KNIGHT LLP**
800 17th Street N.W., Suite 1100
Washington, DC 20006
Tel: (202) 469-5525

*Attorneys for Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate electronic filing system, which will send notice of such filing to counsel for all parties in the case.

Respectfully submitted,

Dated: August 25, 2026

*s/ Nicholas McDaniel*

Nicholas McDaniel
nmcdaniel@babstcalland.com
**BABST CALLAND CLEMENTS AND ZOMNIR, P.C.**
505 9th Street NW, Suite 602
Washington, DC 20004
Tel: (202) 853-3455

*Attorney for Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit prescribed by this Court's August 11, 2026 Order because it contains 997 words. I further certify that this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Respectfully submitted,

Dated: August 25, 2026

*s/ Nicholas McDaniel*

Nicholas McDaniel
nmcdaniel@babstcalland.com
**BABST CALLAND CLEMENTS AND ZOMNIR, P.C.**
505 9th Street NW, Suite 602
Washington, DC 20004
Tel: (202) 853-3455

*Attorney for Respondent-Intervenors Sable Offshore Corp. and Pacific Pipeline Company*