**Jessica Stebbins Bina**
Direct Dial: +1.424.653.5525
jessica.stebbinsbina@lw.com

10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500 Fax: +1.424.653.5501
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

August 28, 2026

**Via ACMS**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re: *Environmental Defense Center v. PHMSA*, No. 25-8059 (consolidated with Nos. 26-508 & 26-4629)

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Intervenor-Defendants Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") respectfully submit this letter in response to the August 21, 2026 letter of Petitioners Environmental Defense Center et al. ("NGO Petitioners"). NGO Petitioners' letter advises this Court of a recent omnibus order issued in several cases concerning Sable and the Santa Ynez Pipeline System (SYPS) that are currently pending before the U.S. District Court for the Central District of California (Wilson, J.).

In that order, Judge Wilson exercised his equitable power under Federal Rule of Civil Procedure 60(b) to modify the Consent Decree, substituting PHMSA for

LATHAM & WATKINS LLP

California's Office of the State Fire Marshal as the regulatory authority overseeing pipeline restart and operations, ECF 147.1 at 16-27; held that "the injunction proposed by California is not the proper remedy" for violations of the Consent Decree, *id.* at 31; that because the pipeline "has been successfully restarted, any pre-restart requirements are moot," *id.* at 20; and that, as modified, Sable is no longer in violation of the Consent Decree given that PHMSA has authorized restart of the flow of oil, *id.* Judge Wilson further held that the ongoing National Energy Emergency and the "clear and present national security interest [] in the balance" required "consolidating" regulatory oversight "under federal authority." *Id.* at 19. The district court's order makes plain that, at least as among the parties to the Consent Decree, PHMSA is the proper regulator of the SYPS with respect to the Consent Decree's implementation, including the Restart Plan, thus mooting the petition with respect to petitioners' Restart Plan approval claims. *See* ECF 154 at 4-5.

The court also rejected the argument—also advanced by petitioners in this case—that the Consent Decree somehow prevents PHMSA from ever exercising jurisdiction over the SYPS. As Judge Wilson put it, the "original expectations of the parties [were] that PHMSA would exercise some regulatory authority, even final authority." ECF 147.1 at 26. The order thus confirms that the Consent Decree is not a barrier to PHMSA's exercise of jurisdiction over the pipeline.

Respectfully submitted,

/s/ Jessica Stebbins Bina
Jessica Stebbins Bina
of LATHAM & WATKINS LLP

cc: Counsel of Record via ACMS