C A L I F O R N I A
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102

Public: (916) 445-9555
Telephone: (415) 510-3802
Facsimile: (916) 327-2319
E-Mail: Michael.Dorsi@doj.ca.gov

September 4, 2026

**Via ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: **Petitioner State of California's Response to Rule 28(j) Letter of Petitioners Environmental Defense Center, *et al.*, Dated August 21, 2026**
*State of Cal. v. Pipeline and Hazardous Materials Safety Admin., et al.*
No. 26-508 (consolidated with 25-8059 & 26-4629)

Dear Ms. Dwyer:

Petitioners Environmental Defense Center, et al., provided this Court with notice of the August 19, 2026, U.S. District Court for the Central District of California Order that modified the Consent Decree and purported to shift regulatory oversight over Lines CA-324/325 from the state to PHMSA.[1] Defendant-Intervenor Sable Offshore Corp.'s position is that the District Court's

[1] California disagrees with much of the Order and has sought reconsideration of portions of the Order. However, its validity does not undermine or moot the consolidated petitions. California's Motion for Reconsideration is set for hearing on October 19, 2026.

modification of the Consent Decree undercuts California's argument that PHMSA acted contrary to the Consent Decree and moots California's petition with respect to the Restart Plan. Sable is incorrect on both counts.

First, California has consistently maintained that PHMSA's actions directly violated the Consent Decree —to which the U.S. was a party—because the Consent Decree expressly designated the state as the regulator of the Lines CA-324/325. California Br. at 39, 54, 59. Contrary to Sable's position, the Order validated California's position by expressly finding that Sable violated the Consent Decree by restarting Lines CA-324/325 without prior authorization and imposing a $1.45 million penalty against Sable. Order at 23, 28.

Second, the petitions are not moot as to the Restart Approval claims because the District Court's basis for modifying the Consent Decree was not the Pipeline Safety Act, which is the basis of the PHMSA Orders under review in the consolidated petitions — but rather was grounded in other statutes and executive orders. In fact, the District Court expressly stated that it was *not* addressing jurisdiction of Lines CA-324/325 under the Pipeline Safety Act. Order at 22 (whether Lines CA-324/325 are classified as intra- or interstate is "an issue not decided by the Court here"). Thus, that question remains live before this Court.

Sincerely,

*/s/ Michael S. Dorsi*
MICHAEL S. DORSI
Deputy Attorney General

For ROB BONTA
Attorney General

Counsel for Petitioner
State of California

cc: Counsel of record (via ACMS)